Costas Angelo Ladikos                No State Bar Number
Chapter 7 Debtor, Pro Se
4429 North Banner Drive. Unit #3
Long Beach, California 90807
Telephone Number: (770) 560-2488
Fax Number: No Fax Number
Email Address: gushtc@yahoo.com

ATTORNEY FOR: COSTAS ANGELO
LADIKOS PRO SE

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re the Matter of<br><br>    Costas Angelo Ladikos<br><br>          Chapter 7 Debtor | Case No. 2:25-BK-13256-DS<br><br>Order to Show Cause why the City of Long Beach and Mr. Victor Moraila should not be held in Civil Contempt for Violating the Automatic Stay against Taking any Action against the Debtor's Estate.<br><br>Date:<br><br>Time:<br><br>Department:<br><br>Location: 225 East Temple Street Los Angeles, California 90012 |

To: The City of Long Beach and their Employee, Victor Moraila and Mr. Jason M. Rund of Sheridan and Rund and all other interested parties:

Please Take Notice that on _____, at _____ in Department _____ of the above-entitled Court located at 225 East Temple Street Los Angeles, California 90012, Costas Angelo Ladikos, the Chapter 7 Debtor here files

this Order to Show Cause why the City of Long Beach and its' Employees not be held in Civil

Contempt

## I. Introduction

The Debtor, Costas Angelo Ladikos (hereinafter to be referred to as Debtor) respectfully submits

this Motion for Civil Contempt against the City of Long Beach for its willful and egregious

violation of the automatic stay provisions under 11 U.S.C. § 362. Despite being on actual notice

of the Debtor's bankruptcy filing, the City of Long Beach proceeded with the sale of the Debtor's

vehicle at auction, demonstrating a blatant disregard for the protections afforded under the

Bankruptcy Code. This Court must hold the City of Long Beach accountable for its actions to

preserve the integrity of the automatic stay and deter future violations.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(A) and (G). The Debtor further cites that under 11

U.S.C. section 362 (k), damages for violation of the Automatic Stay may be properly sought by

Motion rather than an adversary proceeding. Please see In Re Zumbrun (9th Cir. BAP 1988) 88

BR 250, at 252, 253. Under FRBP 9020 and In Re C. W. Mining Co. (10th Cir 2010) 625 F 3rd,

1240, at 1247, a request for a finding of Civil Contempt for the willful violation of the Automatic

Stay mat be made by Motion as is being submitted.

## III. Background

1. On April 21, 2025, the Debtor filed a voluntary petition for relief under Chapter 7 of the

   Bankruptcy Code, thereby initiating the automatic stay under 11 U.S.C. § 362.

2. On April 21, 2025, the Debtor provided notice of the bankruptcy filing to the City of Long Beach through Personal Service of the Notice of Bankruptcy Filing. Personal Service of the Notice of Bankruptcy was served on the City Attorney's Offices at City Hall in City of Long Beach. In addition, personal service was done with a man named Vic, last name not given, who is a Supervisor at the City of Long Beach's Tow Yard where the Auction took place. The notice explicitly informed the City of the automatic stay and its applicability to the Debtor's property, including the vehicle in question.

3. Despite receiving notice of the bankruptcy filing, the City of Long Beach proceeded to sell the Debtor's vehicle at auction on April 22, 2025, one day after receiving actual notice of the automatic stay.

4. The sale of the vehicle constitutes a willful violation of the automatic stay under 11 U.S.C. § 362(a), as the City of Long Beach had actual knowledge of the bankruptcy filing and the protections afforded to the Debtor. In addition, When the Notice of Filing was served on Vic, he stated that the City of Long Beach would not be honoring the Automatic Stay. Vic further stated that the only way the sale of the Debtor's sole asset would be stopped is with a Judge's signature.

5. The Debtor has requested that any Video evidence that was taken on April 21, and April 22, 2025, be preserved in order to show that the Long Beach Tow Yard was personally served with the Notice of Bankruptcy Filing.

## IV. Legal Standard

The automatic stay under 11 U.S.C. § 362(a) is a fundamental protection provided to debtors upon the filing of a bankruptcy petition. It prohibits creditors from taking any action to collect,

1   recover, or enforce claims against the debtor or the debtor's property. A willful violation of the

2   automatic stay occurs when a party has knowledge of the bankruptcy filing and intentionally

3   performs an act that violates the stay. See *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989); *In re*

4   *Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003).

5

6   **V. Argument**

7

8       1.  **The City Had Actual Knowledge of the Bankruptcy Filing**

9           The Debtor provided notice of the bankruptcy filing to the City of Long Beach on April

10          21, 2025. The notice explicitly informed the City of the automatic stay and its

11          applicability to the Debtor's property. The City's receipt of this notice establishes actual

12          knowledge of the bankruptcy filing.

13

14      2.  **The City's Actions Constitute a Willful Violation of the Automatic Stay**

15          Despite having actual knowledge of the bankruptcy filing, the City of Long Beach

16          proceeded to sell the Debtor's vehicle at auction on April 22, 2025. This action was

17          intentional and in direct contravention of the automatic stay provisions under 11 U.S.C. §

18          362(a). The City's conduct demonstrates a flagrant disregard for the protection afforded

19          to the Debtor under the Bankruptcy Code. The violation of the Automatic Stay was done

20          even though the City Attorney's Offices and Ms. Anita Lakhani. Esq. a Long Beach City

21          Attorney on April 21, 2025, knew of the Automatic Stay and never took any action to

22          stop the sale of the Debtor's vehicle. The vehicle was the claimed sole asset owned by the

23          Debtor. The Vehicle was 2007 Chevrolet Avalanche bearing VIN #

24          3GNEC12J47G224118 (hereinafter to be referred to as Truck).

25

26

27

28

3. **The Debtor Has Suffered Damages as a Result of the City's Violation**

As a result of the City's willful violation of the automatic stay, the Debtor has suffered damages, including but not limited to the loss of the vehicle, emotional distress, and legal expenses incurred in bringing this motion. Pursuant to 11 U.S.C. § 362(k), the Debtor is entitled to recover actual damages, including costs and may seek sanctions for the City's willful violation. The value of the Truck at the time of the sale was at least Ten Thousand Dollars ($10,000.00).

## VI. Relief Requested

The Debtor respectfully requests that this Court:

1. Find the City of Long Beach in civil contempt for willful violation of the automatic stay under 11 U.S.C. § 362(a).

2. Award the Debtor actual damages, including Court costs, and filing fees pursuant to 11 U.S.C. § 362(k); in the amount of Ten Thousand Dollars ($10,000.00).

3. Award monetary sanctions against the City of Long Beach to deter future violations of the automatic stay subject to the discretion of the Honorable Deborah J. Saltzman, Bankruptcy Judge presiding.

4. Order any other relief that the Court deems just and proper.

## VII. Conclusion

The automatic stay is a cornerstone of the Bankruptcy Code, designed to provide debtors with a breathing spell from creditor actions. The City of Long Beach's willful violation of the automatic

1  stay undermines the protections afforded by the Debtor and warrants the imposition of sanctions.

2  The Debtor respectfully requests that this Court grant the relief requested herein.

3

4  December 10,  2025,    _____

5  Costas Angelo Ladikos

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order to Show Cause Why the City of Long Beach and Victor Moraila Should Not Be Held in
Civil Contempt for Violating the Automatic Stay- 6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9944 Flower Street Bellflower, California 90706

A true and correct copy of the foregoing document entitled (*specify*): Notice of Lodging Debtor's Exhibit List (Three Ring
Binder), Order to Show Cause Why The City of Long Beach and Mr. Victor Moraila be in Civil Contempt, Motion in
Limine to Prohibit any testimony and/or Documents be Admitted into Evidence. Motion to Amend Bankruptcy Schedules

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/11/2025 , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Mr. Victor Moraila Long Beach Tow Yard 3111 East Willow Street Long Beach, California 90802
Ashleigh Stone, Esq. Long Beach City Attorney's Offices located at 411 West Ocean Blvd. 9th Floor Long Beach,
California 90802

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/11/2025 | Costas A. Ladikos | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**